1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN HYPOLITE,

11              Plaintiff,                    No. CIV S-05-0428 MCE DAD P

12        vs.

13   CALIFORNIA DEP'T OF
     CORRECTIONS, et al.,
14
                Defendants.              <u>ORDER</u>
15
     _____/
16

17              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21              Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).[1]  Accordingly, the request to proceed in forma pauperis will be granted.

23              Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $2.10 will be assessed by this

25   _____

26        [1] Plaintiff filed two motions requesting leave to proceed in forma pauperis.  The
     operative motion was filed on March 16, 2005.

                                            1

1   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

2   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

3   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

4   preceding month's income credited to plaintiff's prison trust account.  These payments will be

5   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

6   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

7            The court is required to screen complaints brought by prisoners seeking relief

8   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

9   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

10  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

12  U.S.C. § 1915A(b)(1),(2).

13           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

15  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19  Cir. 1989); Franklin, 745 F.2d at 1227.

20           A complaint, or portion thereof, should only be dismissed for failure to state a

21  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

22  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

23  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

24  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

25  complaint under this standard, the court must accept as true the allegations of the complaint in

26  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

1  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

2  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3          Here, plaintiff has used the form complaint for a § 1983 action, but under the

4  section for "Statement of Claim," plaintiff provides only the following statement:  "Please See

5  Enclosed: 'Application For Preliminary Injunction And Declaratory/Injunctive Relief.'"  (Compl.

6  at 3.)  In his document styled, "Application For Preliminary Injunction And

7  Declaratory/Injunctive Relief," plaintiff contends that he is a follower of the Rastafarian faith,

8  and that the California Department of Corrections and officials at California Medical Facility

9  have informed plaintiff that he must comply with the grooming standards by cutting his hair in

10  violation of plaintiff's religious beliefs.  Plaintiff seeks a preliminary injunction which would

11  prohibit defendants from imposing "substantial burdens on his religious exercise, and/or

12  instituting or pursuing disciplinary actions, and/or punishing plaintiff for his religious exercise."

13  (Appl. for P.I., at 16.)  Plaintiff also seeks an order prohibiting defendants from confiscating his

14  television and radio as a sanction for plaintiff's failure to cut his hair.  (Id.)

15          On August 29, 2005, plaintiff filed document with the court styled, "Supplement

16  To Complaint," setting forth additional allegations to clarify the nature of his claim.  As a general

17  proposition, the Local Rules of this Court require that an action proceed on a pleading that is

18  complete in itself without reference to prior pleadings.  See Local Rule 15-220.  While both the

19  Federal Rules of Civil Procedure and the Local Rules of this Court contemplate supplementation

20  of an operative complaint under certain unusual circumstances, as a general rule this court does

21  not authorize supplemental complaints since they present an undue risk of piecemeal litigation

22  hindering the orderly resolution of cognizable claims.  Accordingly, the court will dismiss

23  plaintiff's complaint and grant him leave to file an amended complaint so that all of his

24  allegations can be presented in a single pleading.  Plaintiff will be required to use the form

25  complaint and is cautioned that he must provide his statement of facts on the form, and not as a

26  separate document or in a motion for injunctive relief.

3

1    The amended complaint must allege in specific terms how each named defendant

2 is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

3 link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode,

4 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

5 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil

6 rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7 Plaintiff is advised that the California Department of Corrections and California Medical Facility

8 are not proper defendants.  These entities are state agencies which cannot be sued in federal

9 court.  Alabama v. Pugh, 438 U.S. 781, 782 (1978) (suit against state agency is barred by the

10 Eleventh Amendment); see also, Allison v. California Adult Authority, 419 F.2d 822, 823 (9th

11 Cir.1969) (California Adult Authority and San Quentin Prison not persons within meaning of

12 Civil Rights Act) and Bennett v. California, 406 F.2d 36, 39 (9th Cir.1969) (California Adult

13 Authority and California Dep't of Corrections are not persons within meaning of Civil Rights Act).

14    Plaintiff is informed that the court cannot refer to a prior pleading in order to

15 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

16 complaint be complete in itself without reference to any prior pleading.  This is because, as a

17 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

18 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

19 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

20 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

21    Finally, the court will deny without prejudice plaintiff's application for a

22 preliminary injunction.  The principal purpose of preliminary injunctive relief is to preserve the

23 court's power to render a meaningful decision after a trial on the merits.  See C. Wright & A.

24 Miller, 11 Federal Practice and Procedure, § 2947 (1973).  In addition to demonstrating that he

25 will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must

26 show a "fair chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press

4

1    <u>International, Inc.</u>, 686 F.2d 750, 754 (9th Cir. 1982), quoting <u>Benda v.Grand Lodge of</u>

2    <u>International Association of Machinists and Aerospace Workers</u>, 584 F.2d 308, 315 (9th Cir.

3    1979).  The issuance of a  preliminary injunction at this time would be premature in light of the

4    dismissal of plaintiff's complaint.  Moreover, plaintiff's application fails to comply with Local

5    Rule 65-231(d) which requires a brief on all relevant legal issues, affidavits in support of the

6    motion addressing the question of irreparable injury, and a proposed order.

7                    Accordingly, IT IS HEREBY ORDERED that:

8                    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

9                    2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

10   Plaintiff is assessed an initial partial filing fee of $2.10.  All fees shall be collected and paid in

11   accordance with this court's order to the Director of the California Department of Corrections

12   and Rehabilitation filed concurrently herewith.

13                   3.  Plaintiff's complaint is dismissed.

14                   4.  Plaintiff is granted thirty days from the date of service of this order to file an

15   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

16   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

17   docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use

18   the form complaint provided by the court; plaintiff must file an original and two copies of the

19   amended complaint; failure to file an amended complaint in accordance with this order will result

20   in a recommendation that this action be dismissed.

21                   5.  Plaintiff's March 3, 2005 application for preliminary injunction and

22   declaratory/injunctive relief is denied without prejudice.

23   /////

24   /////

25   /////

26   /////

1          6.  The Clerk of the Court is directed to provide plaintiff with the court's form

2  complaint for a § 1983 action.

3  DATED: April 26, 2006.

4

5                                                          _____

6  DAD:4                                                   DALE A. DROZD
   hypo0428.14                                             UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26