IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN HYPOLITE,

    Plaintiff,                     No. CIV S-05-0428 MCE DAD P

    vs.

CALIFORNIA DEP'T OF
CORRECTIONS, et al.,                         <u>ORDER AND</u>

    Defendants.                   <u>FINDINGS AND RECOMMENDATIONS</u>

                               /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is defendants' motion to dismiss for failure to state a cognizable claim. All named defendants have joined in this motion.[1]

AMENDED COMPLAINT

        This action challenges the grooming regulation implemented in 1997 by the California Department of Corrections, now the California Department of Corrections and

---

[1] The December 21, 2006 motion to dismiss was filed on behalf of defendants Roszko, Grannis, Pearson, Surges, Schwartz, Veal, O'Ran, Jones, Kett, Mirich, St. Germain, Tilton and Twyman. On January 30, 2007, defendant Trimble filed a notice of joinder in the motion. Therefore, plaintiff's January 10, 2007 request that default be entered against defendant Trimble will be denied.

1

Rehabilitation (CDCR). The grooming regulation which restricted the length of a male inmate's hair provided:

> A male inmate's hair shall not be longer than three inches and shall not extend over the eyebrows or below the top of the shirt collar while standing upright. Hair shall be cut around the ears, and sideburns shall be neatly trimmed, and shall not extend below the mid-point of the ear. The width of the sideburns shall not exceed one and one-half inches and shall not include flared ends.

(Mot. to Dismiss at 6 (quoting Cal. Code of Regs., title 15 § 3062(e) (1997)).)

Plaintiff contends that he is of the Rastafarian faith and that a fundamental tenet of his faith prohibits cutting his hair. (Am. Compl., Attach. at 2.) Since his incarceration in 1997, plaintiff has cut his hair only two times; in 1999 when his father passed away and in 2002 when his grandmother passed away. (Id.) While incarcerated at the California Medical Facility (CMF), plaintiff was charged with several rule violations for failing to comply with the grooming regulation on October 19, 2001, February 17, 2005, March 30, 2005, May 25, 2005, and August 17, 2005. Plaintiff claims that his rights under the First Amendment, Eighth Amendment, Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA) have been violated.

Defendants are the correctional officers who issued the rule violation reports, the officials who found plaintiff guilty of the rule violations following disciplinary hearings, the warden and associate wardens of CMF, the officials who reviewed plaintiff's appeals at the Director's level of review and affirmed the disciplinary actions, the Director of CDCR, and the Chief of the Inmate Appeals Branch.

In his prayer for relief, plaintiff requests: (1) that the disciplinary actions relating to his grooming violations be expunged from his CDCR records, (2) nominal damages and compensatory damages in the amount of $100,000 from each defendant, (3) punitive damages from each defendant, (4) that the assets of each defendant be frozen until this case has been concluded, and (5) that plaintiff be transferred to the federal prison system until the disciplinary

actions have been expunged and the grooming regulations amended to eliminate restrictions on facial hair, or until such time as plaintiff is released from custody. (Am. Compl., Attach. at 13.)

MOTION TO DISMISS

Through the pending motion all defendants seek dismissal of plaintiff's First Amendment, Eighth Amendment, and equal protection claims.[2] Defendants Grannis, Pearson, Surges, Schwartz, Veal, O'Ran, Director Tilton, and Twyman seek dismissal of all claims brought against them to the extent those claims are based on their supervisorial capacities.

I. Legal Standards for Motion to Dismiss

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, No. 05-1126, 2007 WL 1461066, at *14 (U.S. May 21, 2007).

II. Defendants' Arguments

A. First Amendment Claim

Defendants argue that plaintiff's First Amendment claim must be dismissed because the grooming regulation being challenged does not violate the First Amendment and because they are entitled to qualified immunity as to this claim.

/////

---

[2] Defendants do not seek dismissal of plaintiff's cause of action brought under RLUIPA. Defs.' Reply at 4 ("Defendants argue they are entitled to qualified immunity only as to Hypolite's Eighth and Fourteenth Amendment claims.").

3

1    Citing <u>Turner v. Safley</u>, 482 U.S. 78, 84 (1987), defendants argue that prison
2 regulations that infringe on an inmate's First Amendment rights are valid when the regulation is
3 rationally related to legitimate penological interests.  (MTD at 5.)  Defendants contend that the
4 Ninth Circuit has determined that the 1997 grooming regulations at issue here serve legitimate
5 penological interest and do not infringe on an inmate's First Amendment rights.  See <u>Henderson</u>
6 <u>v. Terhune</u>, 379 F.3d 709 (9th Cir. 2004); <u>see also</u> <u>Alston v. Sanchez</u>, No. CIV S-04-2374 DFL
7 JFM P, 2006 WL 2482421 (E.D. Cal. Aug. 28, 2006) (dismissing a First Amendment claim
8 brought by a Rastafarian plaintiff challenging the 1997 grooming regulation based on the
9 decision in <u>Henderson</u>);  <u>Watts v. Director of Corrections</u>, No. CV F-03-5365 OWW DLB P,
10 2006 WL 2320524 (E.D. Cal. Aug. 10, 2006) (concluding that the CDCR's 1997 grooming
11 regulation did not violate the First Amendment relying on the decision in <u>Henderson</u>).

12    B.  <u>Eighth Amendment Claim</u>

13    Defendants next argue that plaintiff has failed to state a cognizable Eighth
14 Amendment claim, contending that plaintiff's challenge to the grooming regulation and the
15 disciplinary charges brought pursuant thereto is more appropriately brought as a RLUIPA cause
16 of action or a Fourteenth Amendment claim.  (<u>Id.</u> at 6-7.)  In this regard, defendants contend that
17 plaintiff's allegations fail to demonstrate an objective, serious violation of his rights, or that
18 defendants had a sufficiently culpable state of mind in disciplining plaintiff for violating the
19 grooming regulations.  (<u>Id.</u> at 8. )

20    In any event, defendants argue, they are entitled to qualified immunity with
21 respect to plaintiff's Eighth Amendment claim since they reasonably believed that enforcement
22 of the CDCR regulations were lawful and did not violate plaintiff's Eighth Amendment rights.
23 (<u>Id.</u> at 8.)  Lastly, defendants contend that there was a legitimate penological objective (i.e. prison
24 security) which justified their actions.  (<u>Id.</u>)

25 /////

26 /////

C. Fourteenth Amendment Claim

Defendants argue that the Equal Protection Clause does not prevent different treatment of men and women when the gender classification is not invidious and the sexes are not similarly situated. (Id. at 9.) Citing Dreibelbis v. Marks, 742 F.2d 792 (3rd Cir. 1984), defendants argue that grooming regulations that are not applied to both sexes are not arbitrary and rest on real and substantial differences between the sexes. On this basis, defendants contend that plaintiff's equal protection claim is not cognizable as a matter of law. (Id. at 9-10.)

In addition, defendants argue that they are entitled to qualified immunity as to this claim as well since they reasonably believed that the CDCR regulations did not violate a prisoner's Fourteenth Amendment rights. (Id. at 10.) Defendants again argue that there were legitimate penological objectives (i.e. prison security) justifying the enforcement of the regulations. (Id.)

D. Defendants Tilton, Grannis, Pearson, Surges, Schwartz, Veal, O'Ran, and Twyman

Defendants Tilton, Grannis, Pearson, Surges, Schwartz, Veal, O'Ran, and Twyman argue that as supervisorial personnel, they are not liable under Section 1983 unless they were personally involved in the deprivation of "another's constitutionally protected rights."[3] (Id. at 11.) These defendants hold the following positions: Grannis (Chief of Inmate Appeals for CDCR), Pearson (Appeals Examiner for CDCR), Surges (Appeals Examiner for CDCR), Schwartz (Warden of CMF), Veal (Chief Deputy Warden at CMF), O'Ran (Associate Warden of CMF), Tilton (Director of CDCR), and Twyman (Correctional Sergeant at CMF). (Id.) Defendants contend that plaintiff's amended complaint lacks specific allegations that each of them were personally involved in depriving plaintiff of his constitutional rights and they argue that their role was limited to reviewing the rule violations plaintiff received. (Id. at 11-12.)

---

[3] By their reference to deprivation of constitutional rights it is at least unclear whether these defendants intended to contend that plaintiff has failed to state a cognizable claim against them for violation of his statutory rights under RLUIPA. Given this lack of specificity, the court is unwilling to infer such an argument for dismissal.

1  Citing Barry v. Ratelle, 985 F. Supp. 1235, 1239 (S.D. Cal. 1997), defendants argue that absent
2  such allegations, the amended complaint fails to state a cognizable claim against them. (Id. at
3  12.)
4  III.  Plaintiff's Opposition
5         At the outset, plaintiff contends that defendants have brought an unenumerated
6  motion to dismiss and thus he may submit his declaration and the declarations of Bronche
7  Johnson, Thomas Blanks, and Gerald Wade to support his opposition to the motion to dismiss.
8  (Opp'n at 2.)
9         Plaintiff argues that the grooming regulation he challenges has been subject to
10 "arbitrary or selective enforcement[.]"  (Id.)  Plaintiff indicates that although he received his first
11 disciplinary on October 19, 2001, he had been incarcerated since 1997 and yet no rule violation
12 reports were issued against him with respect to grooming prior to 2001.  (Id.)  Moreover, plaintiff
13 argues that although no rule violation reports were issued against him between October 19, 2001
14 and March 2005, he then was cited for six grooming violations between March 2005 and August
15 2005.  (Id.)  Plaintiff cites the decisions in Flanger v. Wilkinson, 241 F.3d 475, 487 (6th Cir.
16 2001) and Estepp v. Dent, 914 F. Supp 1462, 1467 (W.D. Ky. 1996) in countering defendants'
17 argument that the challenged grooming regulation is necessary for security reasons given the
18 inconsistent enforcement of the regulation.  (Id. at 3-4.)
19        Next, plaintiff argues that defendants are not entitled to qualified immunity
20 because they acted in bad faith and were deliberately and callously indifferent to his right to
21 exercise his religion.  (Id. at 4-5.)  With the exception of defendant Mirich, plaintiff argues that
22 the defendants knew or reasonably should have known that they could not enforce the grooming
23 regulations when it interfered with plaintiff's right to exercise his religion.  Plaintiff argues that
24 the defendants should have known that the grooming regulation at issue here was
25 unconstitutional based on the decisions in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir.
26 /////

2005), Mayweathers v. Newland, 314 F.3d 1062 (9th Cir. 2002), Mayweathers v. Terhune, 328 F. Supp. 2d 1086 (E.D. Cal. 2004) and an unpublished California case.  (Id. at 5-7.)

Plaintiff also clarifies his Eighth Amendment claim by emphasizing that "any punishment against him for peacefully exercising his religion is just wrong and constitutes Cruel and Unusual Punishment."  (Opp'n at 8.)  Based on the Eighth Amendment standard set out by the Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), plaintiff argues that the exercise of his religion by growing his hair is sufficiently serious to satisfy the first prong of that standard and that defendants possess a sufficiently culpable state of mind to satisfy the second prong.  (Opp'n at 8-9.)  Plaintiff also disputes defendants' argument that they are entitled to qualified immunity, contending that with the exception of defendant Mirch, all of the defendants should have known that the challenged grooming regulation violated RLUIPA.  (Id. at 9-10.)  In addition, plaintiff argues that defendants cannot assert a qualified immunity defense when the regulations were arbitrarily or selectively enforced.  (Id. at 10.)

With respect to his equal protection claim, plaintiff argues that no court has held that all prison grooming regulations are safe from challenge on equal protection grounds.  (Id. at 10-11.)  Plaintiff also reiterates that because the grooming regulation at issue was selectively enforced, there is no basis for an argument that the regulation served a legitimate governmental interest.  (Id. at 11.)  Furthermore, plaintiff argues that defendants are not entitled to qualified immunity from this claim because they cannot claim they reasonably believed that the grooming regulation was lawful when they arbitrarily and selectively enforced it.  (Id. at 12.)  Plaintiff contends that the defendants, with the exception of defendant Mirch, should have known that the challenged grooming regulation was unlawful.  (Id.)[4]

/////

---

[4] Plaintiff also asserts that a reasonable alternative to adoption of the challenged grooming regulation would have been for prison authorities to take additional photographs of inmates who altered their appearance during their incarceration, as was suggested by the court in Mayweathers v. Terhune, 328 F. Supp. 2d at 1096.  (Opp'n at 13.)

7

1    As to defendants' final argument concerning supervisorial liability, plaintiff
2 argues that these defendants are being sued in their individual and official capacities and that the
3 court has already determined that the complaint states cognizable claims against the defendants.
4 (Id.) Plaintiff also notes that the defendants signed documents confirming "their personal
5 knowledge of the deprivations, but they failed to prevent them or act on that knowledge." (Id. at
6 15.) Plaintiff asserts that he wrote to defendants Schwartz and O'Ran and informed them that
7 defendant Kett was imposing a substantial burden on the exercise of his religion, but they took no
8 action. (Id. at 15-16.) Finally, plaintiff contends that the defendant Director of CDCR took no
9 action "in his/her policy setting capacity," but instead waited two years after being put on notice
10 of a state court decision calling into question the grooming regulation and six years after the
11 passage of RLUIPA before taking appropriate action. (Id. at 17.)

12    Next, plaintiff argues that this action is not moot. (Id.) He contends that the
13 changes to the grooming regulation do not negate the past RLUIPA and constitutional violations
14 and loss of his First Amendment freedoms. (Id.) In this regard, plaintiff argues that the rule
15 violations are still part of his record and can adversely affect parole decisions in his case. (Id.)
16 Plaintiff contends that his minimum eligible parole date has been extended by sixty days due to
17 his first grooming violation (log number 04-1001-064). (Id.) Plaintiff argues that an action is
18 not moot where relief is available and notes that RLUIPA provides for nominal, compensatory,
19 punitive damages, and other appropriate relief. (Id. at 17-18.)

20 IV.  Defendants' Reply

21    Defendants argue that plaintiff's opposition fails to refute their arguments that
22 plaintiff fails to state a cognizable First Amendment claim. (Reply at 3.) As to plaintiff's
23 argument that the grooming regulation under attack was arbitrarily and selectively enforced,
24 defendants argue that this is a due process argument and does not pertain to plaintiff's First
25 Amendment claim. (Id.) Although plaintiff argues that the grooming regulation did not serve a
26 valid legitimate penological interest, defendants argue that in Henderson the Ninth Circuit

8

decided otherwise. (Id.) Thus, defendants move for the dismissal of plaintiff's First Amendment claim.

As to plaintiff's arguments that the defendants are not entitled to qualified immunity because of the Ninth Circuit's decision in Mayweathers v. Newland, defendants argue that Mayweathers addressed only the constitutionality of RLUIPA and not whether the challenged grooming regulation violated the Eighth or Fourteenth Amendments. (Id. at 4.) Thus, that decision could not have put the defendants on notice that their enforcement of the grooming regulation violated those constitutional provisions. Defendants also argue that there is no case law holding that punishing an inmate for violating a prison grooming regulation constitutes cruel and unusual punishment. (Id. at 5.) Therefore, defendants move for dismissal of the Eighth Amendment cause of action for failure to state a cognizable claim. (Id.)

As to plaintiff's Fourteenth Amendment claim, defendants argue that plaintiff's equal protection claim lacks merit as a matter of law, relying on the unpublished decision in Williams v. Wilkinson, 1997 WL 809971 (6th Cir. Dec. 18, 1997) . (Id.) According to defendants, plaintiff's attempts to distinguish that case by arguing that he proposed reasonable alternatives to correctional officials also lacks merit. (Id. at 5-6.) Defendants argue that in Williams the court held that any equal protection challenge to prison grooming regulations on the grounds that male and female inmates are treated differently, must fail. (Id. at 6.)

As to plaintiff's argument that they are not entitled to qualified immunity on the equal protection claim, defendants argue that there is binding precedent holding that unequal enforcement of prison grooming regulations between male and female inmates does not violate an inmate's equal protection rights. (Id.) Therefore, defendants argue, plaintiff's contention that there were alternatives to enforcement of the grooming regulation is immaterial. (Id.)

On supervisorial liability, defendants argue that plaintiff's allegation that they signed documents and received letters from plaintiff, demonstrates that they were acting only in their supervisorial roles with respect to the inmate grievance process. (Id. at 6-7.) The only

defendants who were made personally aware of the alleged violations were defendants Schwartz and O'Ran and when they were so notified in February 26, 2005, the CDCR grooming policy had not yet been revised. (Id. at 7.) Defense counsel contends that, accordingly, these defendants had no way of knowing that plaintiff's constitutional rights had been violated at that time. (Id.)

V. Analysis

It is important to note at the outset that at this time defendants seek dismissal only of plaintiff's First Amendment, Eighth Amendment and equal protection claims as well as all claims brought against defendants Grannis, Pearson, Surges, Schwartz, Veal, O'Ran, Director Tilton, and Twyman in their supervisorial capacities. Defendants do not seek dismissal of plaintiff's cause of action brought under RLUIPA. (Defs.' Reply at 4.) Therefore, the court need not address the merits of plaintiff's RLUIPA claim at this time.[5]

A. First Amendment Claim

As noted above, the Ninth Circuit has held that the 1997 grooming regulation on hair length, was reasonably related to legitimate penological interests and did not infringe on prisoner's First Amendment rights. Henderson v. Terhune, 379 F.3d 709 (9th Cir. 2004) Subsequently, district courts have consistently applied that binding authority in concluding that

---

[5] RLUIPA, 42 U.S.C. § 2000cc(a)(1), was enacted by Congress in 2000 in an effort to accord religious exercise a heightened protection from government-imposed burdens by requiring that the government show that the burden furthers a compelling governmental interest by the least restrictive means. Cutter v. Wilkinson, 544 U.S. 709, 714-15 (2005). RLUIPA replaced the standard for assessing prison regulations articulated in Turner v. Safley, 482 U.S. 78, 89 (1987) (holding that a prison regulation which impinges on an inmates' constitutional rights is valid if it is "reasonably related to legitimate penological interests."). See Warsoldier v. Woodford, 418 F.3d 989, 994-98 (9th Cir. 2005). The U.S. Supreme Court has upheld the constitutionality of RLUIPA. Cutter, 544 U.S. at 720. On July 29, 2005, the Ninth Circuit held that the 1997 grooming policy at issue in this case violated RLUIPA, the CDCR having failed to meet its burden of establishing that the policy was the least restrictive alternative to achieve prison security. Warsoldier v. Woodford, 418 F.3d 989, 998-99 (9th Cir. 2005). Almost six months later, on January 17, 2006, CDCR filed emergency changes to the 1997 grooming regulations. See Alston v. Sanchez, No. CIV S-04-2374 DFL JFM P, 2006 WL 2482421, at *3 (E.D. Cal. Aug. 28, 2006). On July 27, 2006, those new grooming regulations became final. See id. The new regulations allow inmates of either sex to grow their hair to any length, as long as it does not extend beyond the eyebrows, cover the face, or pose any risks to health or safety. Cal. Code of Regs, title 15, § 3062 (2006).

as a matter of law, the CDCR grooming regulation challenged here does not violate the First Amendment. See Hawk v. Alameida, No. CIV S-04-0731 MCE CMK P, 2007 WL 1159954, at *4 (E.D. Cal. April 18, 2007); Alston v. Sanchez, No. CIV S-04-2374 DFL JFM P, 2006 WL 2482421 (E.D. Cal. Aug. 28, 2006); Watts v. Director of Corrections, No. CV F-03-5365 OWW DLB P, 2006 WL 2320524 (E.D. Cal. Aug. 10, 2006); Hillmon v. Alameida, No. F-03-6409 REC DLB P, 2005 WL 2030571, at *3 (E.D. Cal. Aug. 22, 2005).

Plaintiff argues that the grooming policy could not have served a legitimate penological objective because the regulation was selectively enforced. Plaintiff explains that there were lengthy periods of time during his incarceration when he was not disciplined for refusing to cut his hair. Nevertheless, the fact that plaintiff did not receive additional rule violations does not undermine the Ninth Circuit's holding that the challenged grooming policy served a legitimate penological interest. See Henderson, 379 at 714-15.

The court concludes that the decision in Henderson is binding precedent requiring that defendants' motion to dismiss plaintiff's First Amendment claim should be granted.

B. Eighth Amendment Claim

Plaintiff claims that when defendants disciplined him for violating the grooming regulation or threatened to do so, he suffered cruel and unusual punishment in violation of the Eighth Amendment. (Am. Compl., Attach. at 11.) As a result of these actions, plaintiff alleges that he has suffered "severe mental and emotional stress" and physical injuries, including upset stomach, severe headaches, and muscular aches and pains. (Id.) Plaintiff reasserts that cruel and unusual punishment is imposed when punitive action is taken against a prisoner for exercising religious beliefs. (Opp'n at 7-8.)

Even if the court were to find that plaintiff has stated a cognizable Eighth Amendment claim, the defendants' motion to dismiss that claim should be granted based on qualified immunity. "Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable

person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (per curiam) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The threshold question for a court required to rule on the qualified immunity issue is whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendants' conduct violated a statutory or constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If no such right would have been violated were the plaintiff's allegations established, "there is no necessity for further inquiries concerning qualified immunity."  Id.  If, on the other hand, a statutory or constitutional right is established by the plaintiff's allegations, the court must inquire "whether the right was clearly established."  Id.  If the law did not put the defendants on notice that their conduct would be clearly unlawful, qualified immunity is appropriate.  Id. at 202.

        The court finds that the Eighth Amendment right asserted here by plaintiff was not clearly established in from 2001 through 2005 when disciplinary actions were taken against him for violating the challenged grooming regulation.  As defendants have argued, there is no case law which establishes that enforcement of the challenged grooming regulation violated the Eighth Amendment.

        Plaintiff relies on the decision in Mayweathers v. Newland, 314 F.3d 1062 (9th Cir. 2002) in arguing that "substantial and illegitimate burdens" or "government intrusions" should not be placed on religious worship under RLUIPA.  (Opp'n at 8.)  However, in Mayweathers the court did not examine the religious rights of prisoners under the Eighth Amendment.

        Since it was not clearly established that plaintiff's Eighth Amendment rights were violated when disciplinary action was imposed against him for violating the challenged grooming regulation, defendants are entitled to qualified immunity with respect this claim.  Accordingly, defendants' motion to dismiss plaintiff's Eighth Amendment claim should be granted.

/////

/////

C. Equal Protection Claim

Plaintiff argues that the challenged grooming regulation required male inmates to cut their hair but allowed female inmates to wear their hair without any length restrictions in violation of the Equal Protection Clause. The court finds that defendants are entitled to qualified immunity with respect to this claim as well.

It was not clearly established from 2001 through 2005 when plaintiff was disciplined, that the challenged grooming regulation violated the Equal Protection Clause. Indeed, in finding the challenged regulation to violate RLUIPA, the Ninth Circuit recognized that several courts had rejected equal protection challenges by male prisoners to similar grooming regulations under the rationale basis or intermediate scrutiny analysis. See Warsoldier, 418 F.3d at 1001 n.13 (citing Dreibelbis v. Marks, 742 F.2d 792, 795-96 (3rd Cir. 1984); DeBlasio v. Johnson, 128 F. Supp. 2d 315, 328 (E.D. Va. 2000); and Davie v. Wingard, 958 F. Supp. 1244, 1252-53 (S.D. Ohio 1997)); see also Holley v. California Dep't of Corrections, No. CIV S-04-2006 MCE EFB P, at * 12 (E.D. Cal. Feb. 23, 2007) (finding that defendants were entitled to qualified immunity because it was not clearly established in 2003 or 2004 that different grooming rules for male and female inmates violated equal protection given the lack of Ninth Circuit precedent, the inherent flexibility of rational basis standard of review, and the lack of cases from other circuits which would put defendants on notice that their conduct constituted sex discrimination).

The court rejects plaintiff's argument that the Ninth Circuit's decision in Warsoldier provided notice that the differing grooming regulation for male and female inmates would constitute a violation of the Equal Protection Clause. In Warsoldier the court determined only that the challenged grooming regulation for male inmates violated RLUIPA, not the Equal Protection Clause. Moreover, plaintiff's argument regarding selective enforcement of the regulation does not address the issue of whether plaintiff's equal protection right was clearly established at the time and is therefore unpersuasive.

1  Accordingly, the court finds that defendants are entitled to qualified immunity
2  with respect to plaintiff's equal protection claim and defendants' motion to dismiss should be
3  granted in this regard.

    D.  Supervisorial Defendants[6]

   Defendants argue that plaintiff has failed to provide specific and adequate
allegations regarding the actions of the supervisorial defendants sufficient to state a cognizable
§ 1983 claim against them for a violation of his constitutional rights.  Because the court is
recommending that plaintiff's First, Eighth and Fourteenth Amendment claims be dismissed as to
all defendants, the court need not determine whether those claims were sufficiently alleged as to
the supervisorial defendants.

    E.  Plaintiff's Miscellaneous Claims and Requests for Relief

        1.  Plaintiff Request for Other Injunctive Relief

   Plaintiff requests that defendants' assets be frozen.  The request is frivolous and
without legal basis and should be dismissed.

    As noted, plaintiff also requests that he be transferred to a federal facility which
does not impose grooming restrictions.  This request is moot since the challenged 1997 grooming
regulation relating to hair length has been amended.

        2.  Facial Hair Claim

   Finally, plaintiff contends that the CDCR still has a regulation that limits facial
hair and that this regulation substantially burdens the exercise of his religion.  (Am. Compl.,
Attach. at 12.)  However, plaintiff has not alleged that he has received a rule violation for failing
to comply with this regulation.  Accordingly, this claim should be dismissed since plaintiff has
failed to allege facts demonstrating that there is a case or controversy and that he has suffered
harm as a result of the new regulation he purported seeks to challenge.  See City of Los Angeles

---

[6] Defendants include Director Tilton in this claim who was identified in the amended complaint as "Director" of CDCR.

v. Lyons, 461 U.S. 9, 101-02 (1983) ("The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate not conjectural or hypothetical.")[7]

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's January 10, 2007 request for entry of default against defendant Trimble, is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendants' December 21, 2006 motion to dismiss be granted in part as follows:

   a. Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment equal protection claims be dismissed as to all named defendants;

   b. Plaintiff's claim challenging the CDCR's regulation pertaining to facial hair be dismissed;

   c. Plaintiff's request for an order freezing defendants' assets until this action is concluded be denied;

   d. Plaintiff's request for transfer to the federal prison system be denied; and

2. This action shall proceed on plaintiff's RLUIPA claim.

3. Defendants be granted fifteen days following the court's order adopting or rejecting these findings and recommendations within which to file their answer to plaintiff's amended complaint.

/////

---

[7] The court notes that it also appears plaintiff has failed to exhaust his administrative remedies with respect to any such claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within five days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 30, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hypo0428.mtd