IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN HYPOLITE,

    Plaintiff,                      No. CIV S-05-0428 MCE DAD P

    vs.

CALIFORNIA DEP'T OF           FINDINGS AND RECOMMENDATIONS
CORRECTIONS, et al.,

    Defendants.
_____/

        Plaintiff is a state prisoner proceeding pro se with a claim brought under the Religious Land Use and Institutionalized Persons Act (RLUIPA).[1]  Now before the court is defendants' motion for judgment on the pleadings.  Plaintiff has filed a timely opposition and defendants have filed a timely reply.

                                  AMENDED COMPLAINT

        At the heart of this case is plaintiff's challenge to the grooming regulation implemented in 1997 by the California Department of Corrections, now the California

---

[1] Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 alleging violation of his rights under the First, Eighth and Fourteenth Amendments of the U.S. Constitution have previously been dismissed by the court in response to a motion to dismiss brought by defendants.  See Findings and Recommendations filed July 31, 2007; Order filed Aug. 30, 2007.

Department of Corrections and Rehabilitation (CDCR). That regulation restricted the length of a male inmate's hair as follows:

> A male inmate's hair shall not be longer than three inches and shall not extend over the eyebrows or below the top of the shirt collar while standing upright. Hair shall be cut around the ears, and sideburns shall be neatly trimmed, and shall not extend below the mid-point of the ear. The width of the sideburns shall not exceed one and one-half inches and shall not include flared ends.

Cal. Code of Regs., tit.15 § 3062(e) (1997).

In his amended complaint plaintiff alleges that he is of the Rastafarian faith and that a fundamental tenet of that faith prohibits the cutting of his hair. (Am. Compl., Attach. at 2.) Plaintiff also alleges that while incarcerated at the California Medical Facility (CMF), he was charged with several rule violations between October of 2001 and September of 2005 for failing to comply with the challenged grooming regulation. (Id. at 2-6.) Specifically, plaintiff alleges that rule violation reports were issued against him for violating California Code of Regulations, title 15 § 3062 on October 19, 2001 (log 04-V-1001-064), February 17, 2005 (log 04-V-0205-021), March 30, 2005 (log 04-V-0305-033), May 25, 2005 (log 04-V-0505-035), and August 17, 2005 (log 04-V-0805-027). (Id.) Plaintiff contends that the final August 2005 rule violation report was reissued on September 21, 2005, and that on September 22, 2005, he was found guilty of violating the challenged grooming regulation. (Id. at 5-6.) Plaintiff also alleges that from February of 2005 through November of 2005, he notified various prison officials including CDCR Director Tilton, Warden Schwartz, Associate Warden O'Ran, Appeals Coordinator Grannis and others of the rule violation reports being issued against him and requested, among other things, that the rule violation charges be withdrawn or at least be held in abeyance until their was a final ruling on the regulation by the courts. (Id. at 6-8.) Finally, plaintiff alleges that despite the fact that the challenged regulation has been found by the Ninth Circuit to violate RLUIPA and despite the fact that CDCR itself amended California Code of Regulations, title 15 § 3062 in light of that ruling, the rule violation reports have never been removed from his record

by the defendants thereby affecting parole board decisions. (Id. at 12.) Plaintiff also claims that time credits he lost as a result of the violations have not been restored. (Id.)

Plaintiff has named fourteen defendants in this action. Those defendants are the correctional officers who issued the rule violation reports, the prison officials who found plaintiff guilty of the rule violations following disciplinary hearings, the warden and associate wardens of CMF, the officials who reviewed plaintiff's administrative appeals, the Director of CDCR, and the Chief of the Inmate Appeals Branch. Plaintiff seeks the following relief: (1) that the disciplinary actions relating to his grooming violations be expunged from his CDCR records, (2) nominal and compensatory damages in the amount of $100,000 from each defendant, and (3) punitive damages from each defendant.[2] (Id. at 13.)

## MOTION FOR JUDGMENT ON THE PLEADINGS

I. <u>Legal Standards for Motion for Judgment on the Pleadings under Rule 12(c)</u>

Rule 12(c) of the Federal Rules of Civil Procedure provides that,

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." <u>Platt Elec. Supply, Inc. v. EOFF Elec., Inc.</u>, 522 F.3d 1049, 1054 (9th Cir. 2008) (quoting <u>Stanley v. Trustee of the Cal. State Univ.</u>, 433 F.3d 1129, 1133 (9th Cir. 2006). <u>See also</u> <u>3550 Stevens Creek Assocs. v. Barclays Bank</u>, 915 F.2d 1355, 1357 (9th Cir. 1990). In considering a motion for judgment on

---

[2] Plaintiff has also sought relief in the form of an order requiring that the assets of each of the defendants be frozen and that he be transferred to a federal prison. (Am. Compl. at 5.) Those requests for relief were dismissed by order filed on August 30, 2007.

the pleadings, the court reviews the pleadings only.³ As noted, the allegations of the non-moving party must be accepted as true. Torbey v. United Airlines, Inc., 298 F.3d 1087, 1089 (9th Cir. 2002); Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004); Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1989). The burden is on the moving party to demonstrate that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law. Hal Roach Studios, Inc., 896 F.2d at 1550.

In moving for judgment on the pleadings defendants argue in summary fashion that: (1) they are entitled to qualified immunity with respect to plaintiff's RLUIPA claim; (2) judgment should be entered in favor of defendants Veal, O'Ran, Tilton, and Twyman because they are being sued only in their supervisorial capacities; and (3) plaintiff's claim against defendants Tilton, Grannis, Pearson, Surges, Schwartz, Veal and Twyman is based solely on the roles they played in the inmate appeals process and cannot be maintained. Below the court will address each of these arguments.

II. Qualified Immunity

Defendants argue that they are entitled to qualified immunity where, as here, the right asserted by plaintiff was not "clearly established" at the time of the challenged conduct. (Mot. to Dismiss (MTD) at 4.) Here, defendants contend that plaintiff's rights under RLUIPA were not clearly established at the time he was issued the rules violation reports for refusing to comply with the grooming regulations and was sanctioned with the loss of time credits. (Id. at 4-5.) Specifically, defendants argue that it was not clearly established between 2001 and 2005 that the CDCR grooming policy set forth in California Code of Regulations, title 15 § 3062(e) (1997) violated RLUIPA. (Id.) (citing Watts v. Director of Corrections, No. CV F-03-5365 OWW DLB P, 2006 WL 2320524 (E.D. Cal. Aug. 10, 2006) and David v. Giurbino, 488 F. Supp. 2d 1048 (S.D. Cal. Jan. 22, 2007)).

---

³ Exhibits appended to a complaint are considered a part thereof for all purposes. Fed. R. Civ. P. 10(c).

4

Plaintiff opposes the motion for judgment on the pleadings on the grounds that he has alleged that he was issued seven rules violation reports for violating the challenged regulation; the first was in October of 2001 but that all of the others were issued between February 17, 2005 and September 21, 2005. Plaintiff concedes that defendants Trimble and Mirich "may be entitled to qualified immunity because their acts and omissions against plaintiff occurred in 2001." (Id. at 3.) However, plaintiff contends that the remaining defendants are not entitled to qualified immunity because several court decisions in existence at the time of their acts, or their failure to act, provided notice to defendants that their conduct violated RLUIPA. (MTD at 3-4) (citing Maywheathers v. Terhune, 328 F. Supp. 2d 1086 (E.D. Cal. 2004) and Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005)).[4] Finally, plaintiff notes that he has alleged that he continues to suffer injury in that the rules violation reports and convictions have not been expunged from his record resulting in an extension of his minimum eligible parole date. (Id. at 4.)[5]

In their reply, defendants fail to address plaintiff's argument that they took disciplinary action against him after the Ninth Circuit in Warsoldier had found the challenged regulation unlawful under RLUIPA. Likewise, defendants ignore plaintiff's argument that they refused to expunge his record after Warsoldier was decided. Instead, in arguing that the law interpreting RLUIPA remained vague as late as 2007 for qualified immunity purposes, defendants mistakenly point to the year cases were decided rather than the dates upon which defendants acted. (Reply at 2.)

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S.

---

[4] In this regard, plaintiff has also referred to the decision in the case of In re Corey Williams, but he has not provided even an unofficial citation to that decision.

[5] Plaintiff also complains that this is defendants' second motion on qualified immunity grounds and that defendants "have offered no explanation or justification for their repeated motions for dismissal of plaintiff's RLUIPA claims on the very same qualified immunity grounds[.]" (Opp'n at 2.)

511, 526 (1985)). The threshold question in determining whether qualified immunity applies is: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier, 533 U.S. at 201. See also Skoog v. County of Clackamas, 469 F.3d 1221, 1229 (9th Cir. 2006). If there is impermissible conduct, defendants "may nevertheless be shielded form liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). This is a two-part inquiry: "(1) Was the law governing the state official's conduct clearly established?; (2) Under that law could a reasonable state official have believed his conduct was lawful?" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Browning v. Vernon, 44 F.3d 818, 822 (9th Cir. 1995). This standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Id. (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991) (internal quotations omitted)).

> For a right to be clearly established,
>
> [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citation omitted). See also Hope v. Pelzer, 536 U.S. at 739; Saucier, 533 U.S. at 202; Wilson v. Layne, 526 U.S. 603, 615 (1999) ("[A]s we explained in Anderson, the right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established.") This level of specificity is required because "[i]f the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Saucier, 533 U.S. at 202.

/////

In order to determine whether a reasonable state official could have believed his conduct was lawful, the court must "consider whether, viewing the evidence in the light most favorable to plaintiffs, [the defendant's] conduct was objectively reasonable." P.B. v. Koch, 96 F.3d 1298, 1301 (9th Cir. 1996) (citing Behrens v. Pelletier, 516 U.S. 299, 309 (1996)); see also Anderson, 483 U.S. at 639.  The defendant bears the burden of proving that a reasonable official could not have known that his actions violated the plaintiff's clearly established rights.  Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994).

Several courts have concluded that prior to the Ninth Circuit decision in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005), California prison officials did not have fair warning that the challenged grooming regulation was unlawful under RLUIPA.  As one district court observed in this regard:

> Before Warsoldier, several courts, including the Ninth Circuit, had addressed whether prison grooming regulations satisfied RLUIPA's predecessor statute, the Religious Freedom Restoration Act ("RFRA"), and concluded that they did. . . . In light of these cases, and the absence of case law applying RLUIPA to prison grooming standards before Warsoldier, it would not have been apparent to a reasonable official that the CDCR's former grooming policy was unlawful.

David v. Giurbino, 488 F. Supp. 2d at 1059 (qualified immunity granted in connection with a rules violation report issued and punishment imposed in December of 2003).  See also Johnson v. CDC, No. CIV. S-04-1783 FCD KJM P, 2008 WL 707280 *3 (E.D. Cal. Mar. 14, 2008) ("Because all of the allegations made by plaintiff concern actions taken in 2003, well before July 29, 2005, defendants are entitled to immunity in the face of plaintiff's RLUIPA claims."); Holley v. California Dept. of Correction, No. CIV. S-04-2006 MCE EFB P, 2007 WL 586907 *2, 11 (E.D. Cal. Feb 23, 2007) (qualified immunity granted in connection with disciplinary action taken in 2004 where all disciplinary charges filed against plaintiff between August and October of 2005 were later dismissed with all penalties vacated and credits restored); Watts, 2006 WL 2320524 at *6 (qualified immunity granted in connection with a rules violation report issued in 2002).

Here, plaintiff has conceded that defendants Trimble and Mirich are entitled to qualified immunity because they acted solely in connection with the rules violation report issued against him in October of 2001. In light of the authorities cited above, plaintiff's concession is well-taken.

The same cannot be said, however, as to the remaining defendants. The Ninth Circuit's decision in Warsoldier v. Woodford was filed on July 29, 2005. From that day forward the law of the Ninth Circuit was clear - the CDCR grooming regulation set out title 15 § 3062(e) (1997) was unlawful under RLUIPA. Nonetheless, according to plaintiff's allegations, on August 17, 2005, plaintiff received another rule violation report for violating the regulation that had already been found unlawful by the Ninth Circuit. (Am. Compl. at 5-6.) That charge against plaintiff for violating the unlawful regulation was amended and reissued by defendants on September 21, 2005 and on September 22, 2005, plaintiff was found guilty of the violation. (Id.) According to plaintiff's allegations, throughout November of 2005 he sought to have the various rule violation charges withdrawn or held in abeyance by the defendants without success. (Id. at 6-8.) Finally, plaintiff alleges that despite the fact that the challenged regulation has been found by the Ninth Circuit to violate RLUIPA and despite the fact that CDCR amended California Code of Regulations, title 15 § 3062 in light of that ruling, the rule violation reports have never been removed from his record by the defendants thereby adversely affecting parole board decisions with respect to his release. (Id. at 12.) In addition, plaintiff alleges that the time credits he lost as a result of the disciplinary convictions have never been restored. (Id.)

It is apparent that as of July 29, 2005 when the decision in Warsoldier was filed, the law in this area was clear. Plaintiff enjoyed a statutory right not to have title 15 § 3062(e) (1997) enforced against him. According to the allegations of the amended complaint, not only was the regulation applied to him after the Ninth Circuit declared it unlawful, but he was also convicted and punished for violating that regulation and the defendants have subsequently refused

/////

to expunge the violation from his records thereby continuing to do plaintiff harm.[6] See Giurbino, 488 F. Supp. 2d at 1059 ("The record demonstrates that plaintiff's credit losses were restored in September of 2005, shortly after the Warsoldier decision, which in turn reinstated his December 17, 2006 release date.")

Under these circumstances the defendants, other than defendants Trimble and Mirich whose sole actions were taken years prior to the decision in Warsoldier, have failed to satisfy their burden of proving that reasonable officials in their position could not have known that their actions violated plaintiff's clearly established rights. Saucier, 533 U.S. at 201-02; Allen, 48 F.3d at 1087. Therefore, the court will recommend that defendants' motion for judgment on the pleadings in their favor on plaintiff's RLUIPA claim be granted only as to defendants Trimble and Mirich and denied as to the other moving defendants.

III.  Vicarious Liability/Role Limited to Inmate Appeals Process

Defendants argue that plaintiff has not alleged any facts demonstrating wrongful conduct on the part of CDCR Director Tilton, CMF Chief Deputy Warden Veal, CMF Associate Warden O'Ran, or Sgt. Twyman and that because they are being sued only based on the supervisory roles they played in reviewing the rule violation reports issued against plaintiff, they are entitled to judgment on the pleadings in their favor. (MTD at 5-6.) Defendants also argue that because plaintiff enjoys no right to an inmate grievance system, defendants Grannis, Pearson, Surges, Schwartz, Twyman, Tilton and Veal are entitled to judgment on the pleadings in their favor because the only allegations against them are that they failed to properly address plaintiff's appeals regarding enforcement of the challenged regulation. (Id at. 6.)

Plaintiff opposes this aspect of the pending motion, arguing that in numerous ways he brought to the attention of each of these defendants that his rights under RLUIPA were being

---

[6] Plaintiff has requested injunctive relief, seeking to have the disciplinary actions taken against him for violating grooming standards be expunged or removed from his CDCR records. (See Am. Compl. at 13.)

violated by enforcement of the invalid regulation against him. (Opp. at 5-6.) Plaintiff contends that despite being aware of the RLUIPA violation, each of the defendants failed to stop the deprivations and continue to refuse to expunge the invalid violation reports from his record, thus causing him harm.

In reply, defendants repeat their qualified immunity argument that to the extent they were aware of plaintiff's grievances regarding the enforcement of the challenged regulation against him, they would not have had reason to believe that his rights under RLUIPA were being violated at the time due to uncertainty in the law. Again, this argument ignores plaintiff's claim that the defendants have continued to refuse to expunge his record after the regulation was found to be unlawful.

It is true that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). It is also correct that a defendant's resolution of inmate appeals alone does not generally provide a basis upon which to impose liability under § 1983. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific grievance procedure") (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). However, here plaintiff has alleged that each of the defendants, including those in supervisory positions and those involved in reviewing his grievances, were made aware that the challenged regulation was being enforced against plaintiff even after it was found to be unlawful by the courts and that since that time they have refused to either expunge his record or restore his lost time credits.

In light of these allegations by the pro se plaintiff, defendants have failed to meet their burden of demonstrating that no material issue of fact remains to be resolved and that they

/////

are entitled to judgment as a matter of law. See Hal Roach Studios, Inc., 896 F.2d at 1550. Their motion should therefore be denied.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for judgment on the pleadings (Doc. No. 34), filed on September 7, 2007, be granted as to defendants Trimble and Mirich and denied in all other respects.[7]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hypo0428.mjp

---

[7] If these findings and recommendations are adopted, this action will proceed solely on plaintiff's RLUIPA claim against defendants Roszko, Pearson, Surges, Schwartz, Veal, O'Ran, Jones, Kett, St. Germain, Twyman, Tilton and Grannis.