IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN HYPOLITE,

    Plaintiff,               No. 2:05-cv-0428 MCE KJN P

    vs.

CDCR, et al.,

    Defendants,           <u>ORDER</u>

                              /

        Plaintiff is a state prisoner proceeding without counsel, with a claim brought under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff contends that the prison grooming regulation that mandated short hair violated RLUIPA as plaintiff's long hair is associated with his religious beliefs. Pending before the court is defendants' motion for summary judgment, filed on April 3, 2009, to which plaintiff filed his opposition on April 22, 2009.

        Plaintiff seeks the following relief: (1) an order that the Rule Violation Reports (RVRs) relating to his grooming violations be expunged from his CDCR records; (2) nominal and compensatory damages in the amount of $100,000 from each defendant; and (3) punitive damages from each defendant. However, plaintiff concedes that his claims for injunctive relief are now moot as all RVRs have been removed from his central file. Therefore, the sole issue is if

1

plaintiff is entitled to monetary damages for receiving several RVRs that have now been expunged.[1]

The motion for summary judgment and the opposition only discuss the issue of qualified immunity. However, the parties have not addressed whether monetary damages are legally recoverable under RLUIPA against defendants either in their individual or official capacities. If the only remaining issue in this case is plaintiff's claim for monetary damages, and plaintiff is not legally entitled to such damages, the court need not address the qualified immunity issues.

### Individual Capacity

While the Ninth Circuit has not addressed the issue, several Circuit Courts have held that RLUIPA does not create a cause of action for damages against officials in their individual capacity. See, e.g., Rendelman v. Rouse, 569 F.3d 182, 187-89 (4th Cir. 2009); Nelson v. Miller, 570 F.3d 868, 886-89 (7th Cir. 2009); Sossamon v. Lone Star State of Texas, 560 F.3d 316, 327-29 (5th Cir. 2009); Smith v. Allen, 502 F.3d 1255, 1271-75 (11th Cir. 2007).

### Official Capacity

There is a split of authority between the circuits regarding whether a state's receipt of prison funds constitutes a waiver of its sovereign immunity from suits seeking monetary damages. The Ninth Circuit has not addressed this issue. The Eleventh Circuit has held that the Eleventh Amendment does not bar official capacity claims while the Fourth, Fifth, Sixth and Seventh Circuits have held officials are immune. Compare Smith, 502 F.3d at 1275-76 & n. 12 (Eleventh Amendment does not bar RLUIPA official capacity claims for damages; statutory language conditioning receipt of federal funds on adherence to statute and providing for "appropriate relief" for violation waives immunity); with Nelson, 570 F.3d at 884-85 (Eleventh

---

[1] As all RVRs have been expunged it is not entirely clear what injury plaintiff has suffered, if any, that would entitled him to money damages. Based on plaintiff's pleadings it does not appear that he was ever forced to cut his hair.

Amendment bars RLUIPA official capacity claims for damages, because the "appropriate relief" provision is not sufficiently unequivocal to waive sovereign immunity); Cardinal v. Metrish, 564 F.3d 794, 800-01 (6th Cir. 2009) (same); Sossamon, 560 F.3d at 329-30 (same); Madison v. Virginia, 474 F.3d 118, 130-32 (4th Cir. 2006) (same).

### Punitive Damages

In order to be entitled to punitive damages, plaintiff would need to establish that defendants acted with an "evil motive" or demonstrated "reckless callous indifference" to his constitutional rights.  See Smith v. Wade, 461 U.S. 30, 56 (1983).

### Further Briefing

Accordingly, the parties shall have the opportunity to brief the issue addressing whether plaintiff can recover monetary damages against defendants in their individual or official capacities under RLUIPA and if punitive damages are appropriate.  Defendants shall file a brief within 21 days of service of this order.  Plaintiff shall file a reply within 21 days of the filing of defendants' brief.  Plaintiff's brief should also address what injury, if any, he suffered that supports his claims for monetary damages.  No extensions will be granted.

If defendants contend that the law allows plaintiff to proceed with his claims for monetary damages under RLUPIA they should so indicate.  No more briefing on qualified immunity is required by the court.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' shall file briefing within 21 days of service of this order.

2. Plaintiff shall file a reply brief within 21 days of defendants' filing their brief.

DATED: March 4, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hypo0428.ord